UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br>v.<br><br>TAUNGRA NICOLE TONEY,<br><br>                                Defendant. | Case No. 16-CR-43-JPS<br><br><br><br>ORDER |

On March 8, 2016, the defendant, Taungra Nicole Toney, was charged in a single-count Indictment, which alleges a violation for failure to register as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq.*, after having traveled from Wisconsin to Minnesota, where she then resided. (Docket #1). This matter comes before the Court on Ms. Toney's motion to dismiss for lack of venue. (Docket #13).

On May 26, 2016, Magistrate Judge Nancy Joseph issued a Report and Recommendation ("the Report") with this Court, recommending that the motion to dismiss for lack of venue be granted. (Docket #17). On June 9, 2016, the government filed written objections to the findings pursuant to 28 U.S.C. § 636(b)(1)(C). (Docket #18). On June 21, 2016, the defendant filed a response to the objections, (Docket #21), and the government did not file a reply. The objections to the Report are now fully briefed and ready for disposition. As discussed below, the Court will adopt the recommendation of Judge Joseph and grant Ms. Toney's motion to dismiss for lack of venue.

1.  BACKGROUND

For the purposes of this Order, the Court presumes the parties' familiarity with the background of SORNA as described thoroughly in the Report, and will, therefore, only briefly review the relevant facts to this case.

A grand jury sitting in the Eastern District of Wisconsin returned a single count indictment against Ms. Toney, charging her with failure to register as a sex offender as required by SORNA. (Docket #1). The indictment specifically provides as follows:

THE GRAND JURY CHARGES:

1.  Beginning on or about February 12, 2015, and continuing until June 24, 2015, in the State and Eastern District of Wisconsin, and elsewhere,

    TAUNGRA NICOLE TONEY

    did knowingly fail to register and update her registration as required under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901 et seq. ("The Act").

2.  Taungra Nicole Toney was convicted of Solicit, Induce and Promote Prostitution on or about July 8, 1999, in the State of Minnesota, in violation of Minnesota Statute Section 609.322, Subd.1(2).

3.  In approximately February 2015, Taungra Nicole Toney traveled in interstate commerce from Wisconsin to Minnesota, where she resided.

4.  Taungra Nicole Toney was required to update her registration with the State of Wisconsin and register with the State of Minnesota under the Act because she is a sex offender as defined by the Act.

All in violation of Title 18, United States Code, Section 2250(a).

(Docket 1).

2. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may consider potentially dispositive motions, such as a motion to dismiss for lack of venue, and issue proposed recommendations to the district judge regarding the motion. When reviewing a magistrate's recommendation, the Court is obliged to analyze the portions of the report to which the defendant has lodged objections *de novo*. 28 U.S.C. § 636(b)(1)(C). Thus, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* In other words, the Court's *de novo* review of Magistrate Joseph's Report is not limited to her legal analysis alone; rather, the Court may also review the factual findings and accept, reject, or modify those findings as it sees fit based upon the evidence. *Id.*

3. DISCUSSION

The Report recommends granting the motion to dismiss for lack of venue in light of *Nichols v. United States*, —U.S.—, 136 S. Ct. 1113 (2016), a recent United States Supreme Court case decided this past April. The government objects to this recommendation and argues that the *Nichols* holding is narrower and not applicable to the issue of proper venue for SORNA violations. The extent to whether *Nichols* should apply to a SORNA venue analysis was recently decided in another branch of this court by the Honorable Judge Charles N. Clevert in *United States v. Lena Haslage*, Case No. 16-CR-40. There, Judge Clevert agreed with the defendant that *Nichols* applied and dismissed the indictment for lack of venue. As described below, the Court agrees with the reasoning of Judge Clevert and Judge Joseph in

finding that *Nichols* applies and warrants dismissal of the indictment for lack of proper venue.

### 3.1    Venue Legal Standard

Venue guarantees are more than procedural technicalities; they "touch closely the fair administration of criminal justice and public confidence in it" and "raise deep issues of public policy." *United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2007) (internal quotation marks and citation omitted), *cert. denied*, 552 U.S. 1144 (2008). Article Three of the Constitution requires that "[t]he Trials of all Crimes...shall be held in the state where the said Crimes shall have been committed." U.S. Const. Art. III § 2, cl 3. Additionally, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. amend. XI. These constitutional provisions are codified in Federal Rule of Criminal Procedure 18, which provides, in pertinent part, that "the prosecution shall be had in a district in which the offense was committed." The government bears the burden to prove venue, however, it need only be proven by a preponderance of evidence because it is not a substantive element of a crime. See, e.g., *United States v. Tingle*, 183 F.3d 719, 727 (7th Cir. 1999).

Venue may be appropriate in multiple districts. *Muhammad*, 502 F.3d at 653-54 (citing *United States v. Reed*, 773 F.2d 480 (2d Cir. 1985)). To address multi-state crimes, Congress allows crimes against the United States to be tried in any of the venues in which a part of the crime was committed. *See* 18 U.S.C. § 3237(a). Under this statute, "[A]ny offense against the United States begun in one district and completed in another, or committed in more than

one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Thus, venue for continuing crimes is proper where the crimes began, continued, or were completed. *United States v. Kramer*, 955 F.2d 479, 486 (7th Cir. 1992). As is the case here, in the absence of a statutory directive on venue, the Court must consider: (1) the "nature of the crime alleged"; and (2) "the location of the act or acts constituting it." *Muhammad*, 502 F.3d at 652.

        3.2     *Nichols* Decision

Ms. Toney acknowledges that prior to *Nichols,* courts, including the Seventh Circuit, recognized that proper venue for a SORNA violation could be had in the district from which a sex offender flees. *See, e.g., United States v. Leach*, 639 F.3d 769 (7th Cir. 2011) (finding venue proper in Northern District of Indiana for SORNA violation where defendant moved from Indiana to South Carolina and failed to update registry information)*; United States v. Lewis*, 768 F.3d 1086 (10th Cir. 2014). The government relies on these and similar cases to support its argument that venue in Wisconsin is appropriate. (*See* Docket #18 at 3-5). Ms. Toney argues, however, that *Nichols* changes the analysis such that venue for SORNA violations can no longer lie in the district where the sex offender flees. (*See generally* Docket #21 ).

*Nichols* does not directly address the issue of proper venue for SORNA violations; notably, the term "venue" appears nowhere in the decision. *See generally* 136 S. Ct. 1113. In *Nichols*, the defendant was a registered sex offender living in the Kansas City area. *Id.* at 1115. The defendant moved to the Philippines without notifying Kansas authorities of his change in residence. *Id.* For that omission, he was convicted of failing to update his sex offender registration, in violation of SORNA. *Id.* Before the Supreme Court,

Page 5 of 9

Nichols argued that once he left Kansas, he was no longer required under SORNA to update his sex offender registration, and the Court agreed. Beginning with the statutory language of § 16913(c), the Court noted that Nichols was required to "appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of" his change of residence. *Id.* at 1117. Subsection (a), in turn, includes three possible jurisdictions: where the offender resides, where the offender is an employee, and where the offender is a student. *Id.* The Court stated that § 16913(a) uses only the present tense: "resides," "is an employee," and "is a student," and for this reason, a person who moves from Kansas City to the Philippines no longer "resides" in Kansas. *Id.* Using this reasoning, the Court stated that "[i]t follows that once Nichols moved to Manila, he was no longer required to appear in person in Kansas to update his registration, for Kansas was no longer a 'jurisdiction involved pursuant to subsection (a)' of § 16913." *Id.* (quoting § 16913(c)).

Notably, the Court pointed out that in the amended Wetterling Act, the law preceding SORNA, sex offenders were required to report their change of address to the responsible agency *in the State the person was leaving*. *Id.* at 1118. The Court stated that if Congress had wanted the language to require registration in the departure jurisdiction, "[t]hey could have easily said so." *Id.* Finally, in addressing the government's policy argument as to the purpose of SORNA, the Court declined to consider this argument because "even the most formidable argument concerning the statute's purposes could not overcome the clarity we find in the statute's text.'" *Id.* at 119 (quoting *Kloeckner v. Solis*, 568 U.S. ––––, ––––, n.4, 133 S. Ct. 596 (2012).

### 3.3 Analysis

The issue here is whether *Nichols* requires an alteration of existing law regarding the proper venue for SORNA violations.[1] The Court finds that it does, and that venue in Wisconsin is, therefore, improper in this case. The government reads *Nichols* far too narrowly in arguing that it does not apply because it did not address the issue of venue and it involved a foreign jurisdiction. As Ms. Toney points out in her response to the objections, the government confuses the facts of *Nichols* with its legal holding. (*See* Docket #21 at 2). As aptly stated by Judge Joseph, "*Nichols* did not turn on a distinction between domestic and foreign travel. The case turned on the statutory text." (Docket #17 at 7).

*Nichols,* although not explicitly, clarifies where a SORNA violation occurs—which is at the heart of the Court's venue analysis. *See Kramer*, 955 F.2d at 486 (venue appropriate where a crime begins, continues, and ends). In looking to the text, SORNA required Ms. Toney, within 3 business days, to "appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of" her change of residence. 42 U.S.C. § 16913(c). Subsection (a), in turn, includes three possible jurisdictions: where the offender resides, where the offender is an employee, and where the offender is a student. § 16913(a). Thus, the only "jurisdictions involved" after departure are those codified in Subsection (a).

---

[1]The Court does not find it necessary to discuss pre-*Nichols* venue jurisprudence for SORNA violations. The parties appear to agree that pre-*Nichols,* venue would have been appropriate in Wisconsin. The parties and the Report discuss at length venue law prior to *Nichols,* however, the Court finds this discussion to add little value to the ultimate issue.

The government contends, without explanation, that the SORNA violation "started when Toney left Wisconsin and traveled to the state of Minnesota where she then resided." (Docket #18 at 7). Why so? Although the indictment claims that Ms. Toney was required to update her registration with the state of Wisconsin, *Nichols* precludes this conclusion. *Nichols* clearly found that once the offender moved to Manila, he was no longer required to appear in person in his departure state to update his registration, for the departure state was no longer a "jurisdiction involved pursuant to subsection (a) of § 16913." *Nichols*, 136 S. Ct. at 1118. The Court again reiterated this point and stated, "SORNA's plain text…therefore did not require Nichols to update his registration in Kansas once he no longer lived there." *Id.* Thus, Ms. Toney was not obligated to update her registration with Wisconsin, the departure state, once she no longer lived there.

The moment Ms. Toney left Wisconsin, she was not in violation of SORNA because the law provides a 3-day window to inform the jurisdiction of her change of residence. Once the 3-day window ended, Ms. Toney resided in Minnesota and was no longer a resident, employee, or student in Wisconsin. Thus, the only "jurisdiction involved" where she was required to register, was Minnesota, where the crime began, continued, and ended. As such, the Court finds that venue is improper in Wisconsin.

4. CONCLUSION

In sum, the Court agrees with the recommendation of Judge Joseph and finds that, in light of *Nichols,* venue is not appropriate in the Eastern District of Wisconsin. Thus, the Court will adopt the recommendation and grant Ms. Toney's motion to dismiss for lack of venue.

Accordingly,

IT IS ORDERED that Magistrate Judge Nancy Joseph's report and recommendation (Docket #17) be and the same is hereby ADOPTED;

IT IS FURTHER ORDERED that, consistent with the Court's adoption of the report and recommendation, Ms. Toney's motion to dismiss for lack of venue (Docket #13) be and the same is hereby GRANTED; and

IT IS FURTHER ORDERED that the indictment in this case be and the same is hereby DISMISSED.

Dated at Milwaukee, Wisconsin, this 19th day of July, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge